IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| COURTNEY CONNOLLY, | CASE NO. 5:13-cv-05714 EJD |
|---|---|
| Plaintiff(s), | **ORDER DISCHARGING ORDER TO SHOW CAUSE; REMANDING CASE** |
| v. | |
| THE SANTA CRUZ SHERIFF'S DEPARTMENT, et. al., | |
| Defendant(s). | |

On December 11, 2013, Defendants County of Santa Cruz and the Santa Cruz County Sheriff's Office ("Defendant") removed the instant civil rights action from Santa Cruz County Superior Court pursuant to 28 U.S.C. § 1331 because Plaintiff Courtney Connolly ("Plaintiff") asserted a cause of action for an unspecified "violation of constitutional rights." See Not. of Removal, Docket Item No. 1. Plaintiff thereafter failed to file a case management statement, which resulted in an Order to Show Cause ("OSC") requiring her to demonstrate why this action should not be dismissed for failure to prosecute. See Docket Item No. 23. At that time, it appeared Plaintiff may have abandoned the action.

Plaintiff apparently had not abandoned this case and filed a response to the OSC on May 21, 2014. Importantly, Plaintiff questioned the basis for federal jurisdiction in that document. Id. In doing so, she specified that her Complaint "was brought under California's state constitution and asserts only California state causes of action." Id. (emphasis omitted).

In light of Plaintiff's representation, the court has undertaken an independent review of the Complaint, keeping in mind that "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994). When jurisdiction based on a federal question is asserted, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends

on the resolution of a substantial question of federal law. <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 808 (1988) (citing <u>Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983)). If that review reveals the absence of a federal issue, or if there is any doubt that a such an issue exists, the case must be returned to state court. <u>Matheson v. Progressive Speciality Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

Federal question jurisdiction is not clearly established by the Complaint. While the cause of action for constitutional violations *could* encompass federal law as plead, that possibility is not enough to create jurisdiction in this court. See <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories - one of which is a state law theory and one of which is a federal law theory - federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). And this action's questionable presence here is only strengthened by Plaintiff's recent representation that she intends to pursue only state-law claims.

Since there is significant doubt concerning the basis for federal jurisdiction, this court can act no further and must return this case to the court from which it originated. <u>Ex Parte McCardle</u>, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause."). A further OSC on the issue unnecessary. Unfortunately, this result will require third-party defendant to bring before the state court her motion challenging the sufficiency of the pleadings.

Accordingly, the OSC issued May 7, 2014, is DISCHARGED. This case is REMANDED to Santa Cruz County Superior Court. All other pending matters are TERMINATED and the clerk shall close this file.

**IT IS SO ORDERED.**

Dated: June 24, 2014


EDWARD J. DAVILA
United States District Judge

2
CASE NO. 5:13-cv-05714 EJD
ORDER DISCHARGING ORDER TO SHOW CAUSE; REMANDING CASE